IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 11, 2006

## JAMES C. JOHNSON v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 05-CR-8672     R. Lee Moore, Jr., Judge**

---

**No. W2005-01570-CCA-R3-HC  - Filed May 2, 2006**

---

The petitioner, James C. Johnson, was convicted of rape of a child, and he received a twenty-year sentence. Subsequently, he filed for habeas corpus relief, alleging that the Tennessee Department of Correction impermissibly changed his release eligibility from thirty percent to one hundred percent, his sentence is void because of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and his sentence is void because the State failed to file a notice of enhancement prior to trial. The habeas corpus court denied the petition, and the petitioner now appeals. Upon our review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Jim W. Horner (at trial and on appeal) and Patrick McGill (on appeal), Dyersburg, Tennessee, for the appellant, James C. Johnson.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General, and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On May 10, 1995, the petitioner was found guilty by a jury in the Hardin County Criminal Court of rape of a child. The trial court imposed a sentence of twenty years. The petitioner appealed to this court, and we affirmed his convictions and sentences. See State v. James Cordell Johnson, No. 02C01-9604-CC-00127, 1997 WL 746020, at *1 (Tenn. Crim. App. at Jackson, Dec. 3, 1997). Thereafter, the petitioner filed for post-conviction relief. On appeal, this court upheld the lower court's denial of post-conviction relief. See James C. Johnson v. State, No. W1999-01189-CCA-R3-PC, 1999 WL 1098197, at *1 (Tenn. Crim. App. at Jackson, Nov. 23, 1999).

Subsequently, the petitioner filed a petition for a writ of habeas corpus. In his petition, he asserted that his judgment of conviction indicated that he would become eligible for release after serving thirty percent of his sentence in confinement. He alleged that after he began serving his sentence, the Tennessee Department of Correction changed his release eligibility from thirty percent to one hundred percent. The petitioner also complained that his sentence was void because none of the factors used to enhance his sentence had been found by a jury, citing Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). Finally, the petitioner complained that his sentence was void because prior to trial the State failed to file a notice of enhanced punishment.

At a hearing on the petition for a writ of habeas corpus, the State explained its position as follows:

> I think the record reflects, Your Honor, [the petitioner] was convicted of an offense that was a child rapist, Your Honor. Under the statutes that were in effect at that time it required the service of 100 percent of that sentence, no eligibility for parole.
>
> A question was raised on the judgment, Your Honor, the judgment being incorrect. But I think as the State alleges that closer examination of the judgment discloses that all those with a box showing standard is checked to show that the range of his punishment was a standard range. The 30 percent is marked through indicates that this was not a 30 percent sentence and that the child rapist box was also checked showing that it would be a 100 percent service of the sentence. So, the judgment is proper, Your Honor.

At the conclusion of the hearing, the habeas corpus court agreed with the State. The court advised the petitioner that on the judgment of conviction the trial court "has marked that you were a Standard Range I offender. But they've scratched through or marked through the 30 percent and then marked down in the same area that this [is a] child rape case. So, the judgment is not incorrect." The habeas corpus court noted that the petitioner's Blakely claim was rendered moot by State v. Gomez,163 S.W.3d 632, 661 (Tenn. 2005). The court denied the petition without specifically ruling on the petitioner's claim regarding the notice of enhanced punishment. The petitioner now appeals the denial of his petition.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

In his brief, the petitioner "contends that the Tennessee Department of Correction . . . erred by unilaterally altering the sentence rendered by the Hardin County Criminal Court. He requests that this Honorable Court reinstate the judgment as proscribed in the judgment form from the Hardin County Criminal Court." The petitioner argues that after he was convicted by a jury of the rape of a child, the trial court imposed a sentence of twenty years, thirty percent of which he was to serve in confinement prior to becoming eligible for release. The petitioner maintains that after his incarceration, he became aware that the Tennessee Department of Correction was requiring him, as a child rapist, to serve one hundred percent of his sentence in confinement.

Apparently, the petitioner is not contending that the sentence he is currently serving is illegal.[1] Instead, the petitioner is complaining about the actions of the Tennessee Department of Correction. However, this complaint does not render the petitioner's sentence void. See William L. Smith v. Virginia Lewis, Warden, No. E2004-01800-CCA-R3-HC, 2005 WL 1269155, at *3 (Tenn. Crim. App. at Knoxville, May 27, 2005), perm. to appeal granted, (Tenn. Dec. 5, 2005); Reginald D. Hughes v. David Mills, Warden, No. W2003-02486-CCA-R3-HC, 2004 WL 547010, at *2 (Tenn. Crim. App. at Jackson, Mar. 19, 2004). Accordingly, we conclude that the petitioner cannot seek relief for his claimed error by a writ of habeas corpus. Regardless, the record reflects that on the judgment of conviction, the trial court checked a box indicating that the petitioner was a standard Range I offender. The trial court marked through the accompanying provision which indicated thirty percent service for a Range I offender. The trial court then marked a box designating the petitioner a child rapist, thereby mandating the need for one hundred percent service of his sentence in confinement. Thus, it appears from the record before us that the Tennessee Department of Correction has not "altered" the petitioner's sentence by requiring him to serve his entire sentence in confinement.

Turning to the petitioner's next issue, we agree with the habeas corpus court that Blakely does not entitle the petitioner to habeas corpus relief. In Blakely v. Washington, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537 (2004), the Supreme Court explained that the "'statutory maximum'

---

[1] Notably, at the time the petitioner committed the instant offenses, child rapists were required to serve one hundred percent of the sentence imposed in confinement. See Tenn. Code Ann. § 39-13-523(b) (1994).

for Apprendi[v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000)] purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Recently in State v. Gomez,163 S.W.3d 632, 661 (Tenn. 2005), a majority of our supreme court found that, unlike the sentencing scheme discussed in Blakely, "Tennessee's sentencing structure does not violate the Sixth Amendment." Moreover, this court has previously held that Blakely does not establish a new watershed rule, and that Blakely does not apply retroactively to cases on collateral appeal. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App. at Jackson, Dec. 21, 2004), perm. to appeal denied, (Tenn. 2005); Carl Johnson v. State, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App. at Jackson, Jan. 25, 2005), perm. to appeal denied, (Tenn. 2005).

Finally, we will address the petitioner's complaint concerning the State's failure to file a notice of enhanced punishment prior to trial. This court has previously found that a failure to file a notice of enhanced punishment does not render a sentence void. See Gary Wayne Calhoun v. Howard W. Carlton, Warden, No. E2005-00001-CCA-R3-HC, 2006 WL 433680, at *3 (Tenn. Crim. App. at Knoxville, Feb. 23, 2006); Milburn L. Edwards v. State, No. M2004-01378-CCA-R3-HC, 2005 WL 544714, at *2 (Tenn. Crim. App. at Nashville, Mar. 7, 2005), perm. to appeal denied, (Tenn. 2005). Therefore, even taken as true, this claim does not entitle the petitioner to habeas corpus relief.

### III.  Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE

-4-